UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MERIDIAN JOINT SCHOOL DISTRICT NO. 2,<br><br>                    Plaintiff,<br><br>v.<br><br>D.A. and J.A., on behalf of themselves and as legal guardians and parents of M.A., a minor individual with a disability,<br><br>                    Defendants. | Case No. 1:11-cv-00320-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is a Motion for Attorney Fees (Dkt. 113) under the Individuals

with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq*. Defendants D.A. and

J.A. are the parents of M.A., a high-school age student diagnosed with high functioning

autism. They claim $73,939.75 in attorney fees as the prevailing parties in this matter.

Plaintiff Meridian Joint School District No. 2 (MSD) opposes Parents' request, arguing

the Court is without jurisdiction to award attorney fees and, alternatively, that Parents

requested fee award should be substantially reduced.

The matter is fully briefed and, because the Court finds the decisional process will not be significantly aided by oral argument, it will be decided on the briefs. Dist. Idaho Loc. Civ. R. 7.1. For reasons stated below, the Court will award M.A.'s Parents $53,543.00 for attorney fees reasonably incurred in litigating this IDEA appeal.

## BACKGROUND[1]

During the 2010-2011 academic year, M.A. was an 11th grade student at Centennial High School, which is within MSD. Following a longstanding dispute between the School District and Parents as to whether the District should be providing M.A. with special education, Parents requested an Independent Education Evaluation (IEE) to be conducted at public expense under the IDEA. The request for an IEE triggered the MSD's responsibility to take one of two actions: (1) "[e]nsure that an independent educational evaluation is provided", or (2) "[f]ile a due process complaint to request a hearing to show that its [original] evaluation [was] appropriate." 34 C.F.R. § 300.502(b)(2)(i) and (ii).

MSD chose the latter option and filed for a due process hearing on February 2, 2011. After a 15-day due process hearing, Hearing Officer Guy Price (HO Price) found that MSD failed to conduct an appropriate evaluation and that M.A. was entitled to an IEE at public expense. HO Price declined to rule on whether M.A. qualified for special education, finding this determination was premature until an appropriate evaluation was complete.

---

[1]      The underlying facts and procedural history of this case are set forth in more detail in the Court's ruling on Defendants' motion for attorneys' fees, (Dkt. 92), and the Court's Memorandum Decision and Order entered March 20, 2013. (Dkt. 63.)

MSD sought judicial review of HO Price's decision under 20 U.S.C. § 1415(i)(2)(A), and Parents counterclaimed for, among other things, the cost of an IEE of M.A. and attorney fees they incurred in connection with the due process hearing. The Court affirmed HO Price in a Memorandum Decision and Order dated March 20, 2013. Thereafter, M.A.'s Parents filed a motion to recover interim attorney fees and costs associated with the due process hearing before HO Price. Pursuant to MSD's request, the Court bifurcated the issues of "entitlement to fees" and the "reasonableness of the fees." In June of 2013, the Court found M.A.'s Parents were the prevailing party within the meaning of 20 U.S.C. § 1415(i)(3)(B)(i)(I) and thus entitled to recover fees incurred during the due process hearing. And, in mid-October of 2013, the Court awarded Parents $129,249 in reasonable attorney fees related to the administrative due process hearing.

In late November of 2013, the Court found Parents were entitled to $6,854 for the expenses of the IEE. In addition, the Court awarded $15,175 in interim attorney fees pursuant to Parents' supplemental interim fee request filed October 25, 2013. Following entry of the Court's Final Judgment on November 25, 2013, M.A.'s Parents filed on December 9 the instant motion for attorney fees related to the Court's judicial review of HO Price's decision. [2]

---

[2] MSD's appeal of the Court's Final Judgment is pending before United States Court of Appeals for the Ninth Circuit. (*See* Dkt. 114.)

## DISCUSSION

### 1.     Preliminary Matters

MSD raises two preliminary issues in its opposition to Parents' motion for fees. First, it repeats a jurisdictional argument the Court has considered and rejected already in ruling on whether Parents are entitled to attorney fees as the prevailing party in this action. Second, MSD contends Parents' documentation in support of their fee motion omits information required by Local Rule 54.2.  These arguments need not detain the Court for long.

#### A.     *Jurisdiction to Award Attorney Fees*

MSD again argues the Court lacks jurisdiction to award attorney fees unless and until M.A. is found eligible for special education and related services under the IDEA. There is no need for a second analysis of this issue. For the reasons stated in its June 25, 2013 Memorandum Decision and Order, (Dkt. 92), the Court finds it has jurisdiction to award attorney fees upon a finding that M.A.'s Parents are the prevailing party in this case.

#### B.     *Local Rule 54.2*

MSD next complains that M.A.'s Parents have not attached "a statement of attorney fee contract with the client," as required by District of Idaho Local Civil Rule 54.2(b). Although Parents' lead counsel, Charlene Quade, filed a copy of her firm's retainer agreement with Parents, MSD notes the Scope of Representation in the agreement expressly excludes "preparation for, filing, or litigation to appeal or enforce a Due Process decision or settlement agreement." (Quade Aff., Ex. C, Dkt. 113-6.) Further,

the agreement provides: "Legal representation and/or litigation beyond services listed in the Scope of Representation require execution of a new Retainer Agreement." (*Id.*) Based on this language, MSD argues the Court cannot infer the nature of the contract for Parents' counsel's services in this litigation.

No such inference is necessary because Parents' counsel provided an explicit statement of their fee contract with their clients. According to Quade, Parents agreed to extend the hourly billing arrangement in the retainer agreement to services rendered by Quade's firm in this litigation. (Quade Aff. ¶ 5, Dkt. 113-3). Further, in the spring of 2012, Parents verbally agreed to a contractual arrangement between Quade's firm and attorney Scott Learned, whereby the firm would bill Parents $250 per hour for time Learned spent on this matter. (*Id.* ¶ 6.) For purposes of Local Rule 54.2, Quade's statements adequately[3] detail the hourly fee contract between D.A.'s Parents and their attorneys.

## 2. Prevailing Party

The IDEA authorizes an award of reasonable attorney fees "to a prevailing party who is the parent of a child with disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I).[4] "A prevailing party is one who 'succeed[s] on any significant issue in litigation which

---

[3] It is not necessary for an attorney to reduce an hourly fee agreement to writing so long as the "basis or rate of the fee and expenses for which the client will be responsible [is] communicated to the client, *preferably in writing*, before or within a reasonable time after commencing the representation . . . ." Idaho Rule of Professional Conduct 1.5(b) (emphasis added).

[4] The Court analyzed the applicability of 20 U.S.C. § 1415(i)(3)(B)(i)(I) in the context of Parents' petition for interim attorney fees. (Dkt. 92 at 10-24.) The Court found the statute applies under the circumstances of this case, notwithstanding the fact that M.A. has not been found eligible for special education. That analysis applies with equal force in the context of the instant motion for attorney fees.

achieves some of the benefit the parties sought in bringing the suit.'" *Weissburg v. Lancaster Sch. Dist.*, 591 F.3d 1255, 1258 (9th Cir. 2010) (quoting *Van Duyn v. Baker Sch. Dist. 5J*, 502 F.3d 811, 825 (9th Cir. 2007)). The key to the analysis is whether the party's success "materially alter[ed] the legal relationship between the parties." *Id*. MSD filed this lawsuit seeking reversal of HO Price's decision that M.A. was entitled to an IEE at public expense. By obtaining an affirmance of HO Price's decision, M.A.'s Parents succeeded on a significant issue plainly altering the parties' legal relationship—had the result been different, MSD would not be obligated to reimburse M.A.'s Parents for the cost of the IEE. Therefore, M.A.'s Parents are entitled to an award of reasonable attorney fees.

**3.     IDEA Standards for Calculating Reasonable Attorney Fees**

Generally, courts determine reasonable attorneys' fees by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, a process known as the "lodestar" calculation. *Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 621 (9th Cir. 1987). This lodestar figure "is presumed to be the reasonable fee." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Id*. The fee applicant bears the burden of documenting the hours expended, and "[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1993).

The "most critical factor" in determining the reasonableness of a fee award under 20 U.S.C. § 1415(i)(3)(B) is "the degree of success obtained." *Hensley*, 461 U.S. at 436; *see also Aguirre v. Los Angeles Unified Sch. Dist.*, 461 F.3d 1114, 1121 (9th Cir. 2006) (expressly adopting the Hensley "degree of success" standard for the IDEA attorneys' fee analysis). If a party "has achieved only partial or limited success, the product of hours expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id.* Conversely, the Court should award full compensation if the prevailing party obtained, as M.A's Parents did here, "excellent results."[5] *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 901 (9th Cir. 1995). However, the IDEA prohibits the Court from using a "bonus or multiplier" to calculate a fee award. 20 U.S.C. § 1415(i)(3)(C).

**4.     Lodestar Calculation**

The Court begins its lodestar analysis by determining the reasonable hourly rates for Parents' counsel and the paralegals who worked on this administrative appeal. The Court then reviews the hours devoted to this action to determine whether they were reasonably incurred.

**A.     Reasonable Hourly Rates**

The IDEA requires attorney fee awards to be "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). The relevant community is the forum in which the district court sits. *See Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir. 1991). For

---

[5]     Here, the Court affirmed HO Price's decision without limitation. (Dkt. 63.)

the purposes of this motion, the Court adopts its previous findings that the relevant community is the State of Idaho and the relevant legal services are the highly specialized field of special education law, not general civil litigation. (*See* Dkt. 101 at 7.) And, considering the IDEA's fee-shifting provision exists, in part, to attract competent counsel, *Aguirre*, 461 F.3d at 1120, it is also significant that there are relatively few special education attorneys in Idaho.

M.A.'s Parents request fees for the services of three attorneys—Charlene Quade, Rebecca Boughton, and Scott Learned—and their supporting paralegals. Two of the attorneys, Quade and Boughton, also worked on the due process hearing. In its October 16, 2013 Order on interim attorney fees, the Court determined the following hourly rates were reasonable: $250 for Quade, $185 for Boughton, and $100 for the paralegals. (Dkt. 101 at 9-13.) Notwithstanding MSD's restatement of its arguments concerning Quade's rate, and for reasons stated in the October 16 Order, the Court finds the above rates for Quade, Boughton, and their paralegals are reasonable for the services rendered in this administrative appeal as well.

Parents' third attorney, Scott Learned, did not participate in the due process hearing, so the Court has not previously determined a reasonable rate for his services. Learned, a 2001 graduate of the Georgetown University Law Center, had seven years of civil litigation experience when Parents filed the instant motion. (Learned Aff., Dkt. 113-2.) Learned's first five years of practice focused on employment and insurance law. After that initial experience, he left the practice of law and worked as a high school math and science teacher until 2011. In 2011, Learned began a private civil litigation practice that

includes special education, disability, Medicaid, personal injury, employment, and family law issues. At the time Parents filed the instant motion, he had roughly one and one half years of special education law experience. Based on this experience and his general knowledge of prevailing rates for similar legal services, Learned contends that $250 per hour is a reasonable rate for his services in this case.

MSD counters that the $250 rate is excessive, noting that the bulk of Learned's experience is in general litigation, not special education law. MSD also argues that Learned's hourly rate for family law cases—and the maximum hourly rate he may earn under his contract with Quade's firm in this case—is $150 per hour. Last, MSD reasons that Learned's hourly rate should reflect the fact that he did not practice law for five years. These considerations, in MSD's estimation, make $150 per hour a reasonable rate for Learned's services.

According to the Affidavit of Merlyn Clark submitted by MSD in its opposition to Parents' motion for interim attorney fees, the prevailing rate in the Boise market for general litigation attorneys with 5 to 15 years' experience is between $150 and $250 per hour. (Clark Aff.¶ 4(b), Dkt. 96-2 at 2.) Learned's litigation experience entitles him to a rate within this range. But Learned's hourly rate for family law matters is not probative of the value of his services in this case, which involves the practice of special education law. Likewise, the compensation scheme dictated by Learned's contract with Quade's firm is, as MSD admits, "irrelevant," because the relevant agreement is the one between Quade's firm and its clients, M.A.'s Parents. (Dkt. 72 at 8.) The firm's agreement with M.A.'s Parents sets the hourly rate for both Learned and Quade at $250 per hour. Compared to

Quade, however, Learned has relatively limited experience in the special education law arena—although his five years of experience as a classroom educator has some offsetting value. Given these competing factors, the Court finds $225 per hour to be a reasonable rate for Learned's services in this case.

### B. Hours Reasonably Expended

 The next question is whether the hours claimed by Parents' counsel were "reasonably expended in pursuit of the ultimate result achieved." *Hensley*, 461 U.S. at 431. "A court may reduce the hours requested if it believes that the documentation is inadequate, the hours duplicative, or the hours excessive or unnecessary." *S.A. v. Patterson Joint Unified Sch. Dist.*, 2010 WL 3069204, at *6 (E.D. Cal. 2010) (citing *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986)). But, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time [s]he was required to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

MSD argues the Court should disallow the following four categories of time claimed by Parents: (1) time spent preparing Parents' interim fee petition; (2) time related to preparation of M.A.'s IEE; (3) time billed for a multi-topic litigation team meeting on May 11, 2012; and (4) time devoted to filing a motion to compel MSD's compliance with HO Price's decision that M.A. was entitled to an IEE at public expense. The Court addresses these arguments below.

### **(1)** *Time Preparing the Interim Fee Petition*

In its Order on Parents' initial interim attorney fee petition, the Court awarded attorney fees for 40.7 hours spent researching Parents' right to interim fees and preparing documents to support the interim fee petition. (Dkt. 101 at 15-17.) However, the Court found Parents' counsel spent an excessive amount of time on these tasks and admonished Parents to "not again seek reimbursement for time spent on their interim fee petition." (*Id.* at 17 n.9.) Now, M.A.'s Parents seek reimbursement for an additional 86.1[6] hours spent researching, briefing, discussing, and presenting oral argument on Parents' interim fee petition. This time was not included in Parents' supplement to their interim fee petition filed on October 25, 2013—at which point counsel had spent and billed for all the time now claimed.

Essentially arguing Parents should not get another bite of the interim fee apple, MSD maintains this time should be disallowed. The Court agrees, because it has twice considered Parents' request for interim fees. While time spent establishing entitlement to attorney fees is compensable, *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986), principles of finality and judicial economy weigh against revisiting the interim fee issue for a third time. *See* Fed. R. Civ. P. 1. The Court considered both Parents' initial interim fee petition (Dkt. 64) and a supplemental interim fee petition (Dkt. 102), and it

---

[6]     Although Exhibit B to the Affidavit of Charlene Quade purportedly lists all time spent supporting the interim fee petition, the Court's review of the billing entries in Exhibit A to Quade's affidavit reveals 10.4 hours of time related to the interim fee petition. (Quade Aff., Ex. A, Dkt. 113-4 at 13.) These tasks were completed between March 23 and April 3, 2014— immediately before M.A.'s Parents filed their interim fee petition. The Court will consider the 10.4 hours in Exhibit A and the 75.7 hours in Exhibit B in connection with MSD's objection to hours spent on Parents' interim fee petition.

entered a Final Judgment that included interim attorney fees claimed in both filings. (Dkt. 112.) Indeed, no motion to amend the Final Judgment was filed within 28 days after entry of the judgment, as required by Rule 59(e). The Final Judgment is now on appeal to the Ninth Circuit. Accordingly, the 86.1 hours Parents belatedly claim for work related to their interim fee petition will be disallowed.

### (2) *Time related to the IEE*

Next, MSD urges the Court to disallow 19.6 hours related to preparation of M.A.'s IEE, arguing the time was not related to Parents' success in this action. The Court finds this time compensable, as it directly relates to the content—and thus the cost—of the IEE. The cost of the IEE was the central issue raised in the parties' briefing on appropriate relief. (*See* Dkt. 111.) Therefore, the Court will allow all 19.6 hours.

### (3) *Time for the May 11, 2012 Litigation Team Meeting*

In addition, MSD objects to 1.8 hours of time Quade and Learned billed for a May 11, 2012 litigation team meeting. According to the billing records, the meeting covered issues related to Parents' motion to augment the record, scheduling, and case management. MSD argues Quade and Learned impermissibly block-billed legal tasks with scheduling and case management, which are administrative tasks. M.A.'s Parents respond that the 1.8 hours relate to the litigation team's discussion of scheduling and case management issues, not the performance of the associated administrative tasks.

The problem with true block-billing is that the practice makes it impossible to determine whether the hours claimed are reasonable for the work performed. *Mendez v. County of San Bernadino*, 540 F.3d 1109, 1129 (9th Cir. 2008). The billing entries

challenged here present no such problem, as counsel's descriptions of the work leave no doubt that they each spent about 54 minutes conferring on the three listed topics. Furthermore, because Parents' counsel utilized a team approach to the litigation, periodic team meetings are not necessarily unreasonable or duplicative. *See M.L. v. Federal Way Sch. Dist.*, 401 F.Supp.2d 1158, 1169-70 (W.D. Wash. 2005). Thus, the Court finds these 1.8 hours were reasonably expended.

### (4) *Time for Motion to Compel Compliance with HO Price's Decision*

MSD's final objection pertains to 23.6 hours Parents' counsel spent preparing a motion to compel compliance with HO Price's decision.[7] In a brief Order, the Court found this motion had no basis in law. (Dkt. 20.) Nevertheless, Parents deem the motion "not unreasonable." (Dkt. 122 at 10.)

The Court disagrees. A motion with no basis in law is, by definition, legally unnecessary. It is well-established that the Court may disallow time claimed for legally unjustified tasks because the time is not reasonably expended in pursuit of the ultimate result achieved. *E.g.*, *S.A.*, 2010 WL 3069204, at *7-*8. Therefore, the 23.6 hours of time Parents' counsel devoted to the unnecessary, legally unfounded motion to compel will be disallowed.

---

[7]     MSD does not specifically identify the billing entries it attacks with this objection. Instead, it generally directs the Court to entries "found at 7/19/11 (6 entries); 7/21/11 (2 entries); 8/25/11 to 8/29/11 (13 entries)." (Dkt. 117 at 13 n.4.)  The Court has reviewed billing entries on the indicated dates and finds 5 entries on July 19, 2 entries on July 21, 1 entry on August 25, 7 entries on August 28, and 2 entries on August 29, each related to research and briefing on Parents' motion to compel. These entries total 23.6 hours. Due to the ambiguity of MSD's objection, the Court will evaluate only these 23.6 hours.

## C. Lodestar Summary

According to the analysis above, the Court will disallow 86.1 hours Parents' belatedly claim for work on their interim fee petition, as well as 23.6 hours spent on their motion to compel compliance with HO Price's decision. Multiplying the hours reasonably expended on this litigation by the reasonable hourly rates for Parents' counsel and support staff, the Court's lodestar calculation yields $53,543.00. The table below summarizes these findings, and Appendix A provides a complete list of all disallowed time.

| Person | Hours Claimed | Hours Disallowed | | Hours Reasonably Expended | Reasonable Hourly Rate | Lodestar |
| | | Interim Fee Petition | Motion to Compel Compliance | | | |
|---|---|---|---|---|---|---|
| Charlene Quade | 70.8 | *19.3* | *6* | 45.5 | 250 | $11,375 |
| Rebecca Boughton | 133.4 | *0* | *16.1* | 117.3 | 185 | $21,700.50 |
| Scott Learned | 90.1 | *30.6* | *0* | 59.5 | 225 | $13,387.50 |
| Paralegals | 108.5 | *36.2* | *1.5* | 70.8 | 100 | $7,080 |
| **Totals** | 402.8 | *86.1* | *23.6* | 293.1 | — | **$53,543.00** |

## 5. Degree of Success

The final question is whether the presumptively reasonable lodestar figure should be adjusted to account for the degree of success M.A.'s Parents achieved in this matter. *See Hensley*, 461 U.S. at 436. Again recycling an argument the Court rejected in the context of Parents' interim fee petition, MSD claims the lodestar should be cut by 50% because Parents did not achieve their ultimate objective—namely, a finding that M.A. is entitled to special education under the IDEA. As the Court previously explained, MSD's argument is fatally flawed because this case does not concern M.A.'s entitlement to

special education; it concerns his entitlement to an IEE at public expense. Parents clearly and completely prevailed on that issue when the Court affirmed HO Price's decision. Therefore, M.A.'s Parents achieved excellent results in this case and are entitled to a fully compensatory fee in accordance with the Court's calculation.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that Defendants' Motion for Attorney Fees (Dkt. 113) is **GRANTED IN PART AND DENIED IN PART**.

Defendants are awarded $53,543.00 in attorney fees under 20 U.S.C. § 1415(i)(3).

Dated: **September 19, 2014**

Honorable Candy W. Dale
United States Magistrate Judge

## APPENDIX A – Time Disallowed by Date and Category

The table below shows the disallowed time addressed in Section 4 of this decision.
The billing entries are copied from Exhibits A and B to the Affidavit of Charlene Quade
in Support of Motion for Attorney Fees. (Dkts. 113-4, 113-5.)The following
abbreviations refer to the following professionals: "CQ" is Charlene Quade, "BB" is
Rebecca Boughton, "SL" is Scott Learned, and "CR" and "AS" are paralegals.

| Date | Person | Description of Service | Hours Disallowed |
|------|--------|------------------------|------------------|
| | | **Interim Fee Petition** | |
| 3/23/2013 | SL | Research regarding attorney fees; prepare emails with staff regarding same; telephone call with CKQ re: same. | 0.9 |
| 3/25/2013 | SL | Research regarding timing of request for fees; exchange emails with CKQ re: strategy. | 1 |
| 4/1/2013 | AS | Edit/update Motion and supporting documents for Attorney Fees and Costs; factual research re: same. | 2.3 |
| 4/1/2013 | CQ | Review declaration of PG; meet with PG; Call to MH; Email to RB for purposes of Motion for Attorney Fees | 0.3 |
| 4/2/2013 | CQ | Draft Motion and Memo for Attorney Fees and Costs; Receipt and review declaration and information regarding Becky Boughton. | 1.1 |
| 4/3/2013 | CQ | Finalize Motion and Memo for Attorney Fees and Costs. | 0.7 |
| 4/3/2013 | AS | Edit Motion and supporting documents for Attorney Fees and Costs; factual research re: same; file. | 3 |
| 4/3/2013 | SL | Review and revise Motion for Attorney Fees and Costs | 1.1 |
| 4/23/2013 | AS | Legal research re: client's right to attorney fees under IDEA | 1.5 |
| 4/23/2013 | SL | Receive and review Motion to Bifurcate; prepare email to CKQ re: same | 0.3 |

| | | | |
|---|---|---|---|
| 4/25/2013 | AS | Draft caption for Response to Motion to Bifurcate; Email same to SRL. | 0.2 |
| 4/27/2013 | SL | Research and prepare Response to Motion to Bifurcate | 2.4 |
| 4/28/2013 | SL | Research and Prepare Response to Motion to Bifurcate | 1.6 |
| 4/29/2013 | AS | Draft, edit and file Response to Motion to Bifurcate. | 0.6 |
| 4/29/2013 | SL | Exchange emails regarding Motion to Bifurcate and right to fees. | 0.1 |
| 5/2/2013 | CQ | Litigation team review of fee issues | 0.1 |
| 5/2/2013 | SL | Litigation team review of attorney fee issue. | 0.1 |
| 5/3/2013 | AS | Prepare releases for consulting counsel. | 0.1 |
| 5/6/2013 | CQ | Conference: Confer with P.S. regarding research needs. | 0.2 |
| 5/7/2013 | CQ | Receipt and review Court filings from Plaintiff re: fees and remedy. | 0.5 |
| 5/7/2013 | CQ | Legal Research: Correspondence with researching attorney re: issues related to fees. | 0.2 |
| 5/17/2013 | CQ | Research: Issue of Attorney Fees under IDEA. | 1.5 |
| 5/19/2013 | CQ | Research: Issue of Attorney Fees under IDEA. | 0.8 |
| 5/20/2013 | AS | Factual research regarding PAT, missing assignments and school handbook for Reply Brief in Support of Attorney Fees. | 5 |
| 5/20/2013 | CQ | Continued Research on IDEA attorney fees; Federal Regulation case law and Statute. Review exhibits and testimony. | 2.1 |
| 5/21/2013 | AS | Factual research for Reply Brief in Support of Attorney Fees. | 2 |
| 5/21/2013 | CQ | Research on Due Process Rights under IDEA; Review records for cites; Review MSD Student Handbook. | 2.5 |
| 5/21/2013 | SL | Prepare reply memorandum for interim attorney fees; | 0.9 |
| 5/21/2013 | SL | Telephone calls with CKQ and consulting attorney regarding interim fees. | 0.2 |
| 5/21/2013 | CQ | Telephone call with SRL regarding reply memorandum for interim attorney fees. | 0.2 |
| 5/22/2013 | CQ | Analyze and Review: Record for test on PAT; Violation of Student Code of Conduct. | 1.7 |
| 5/22/2013 | SL | Research and prepare memorandum regarding fees | 5.8 |

| | | | |
|---|---|---|---|
| 5/22/2013 | AS | Factual research re: Dr. Webb's invoices and timeline of filings for Reply Brief in Support of Attorney Fees and Brief regarding Appropriate Relief. | 3.9 |
| 5/23/2013 | AS | Review and edit draft and factual research for Reply Brief in Support of Attorney Fees and Costs and Brief re: Appropriate Relief. | 7.1 |
| 5/23/2013 | CQ | Analyze and Review Reply Brief: record review, editing, final review. | 1.1 |
| 5/23/2013 | SL | Research and prepare memorandum regarding fees | 2.9 |
| 5/23/2013 | SL | Conference with CKQ and AS regarding memorandum re fees | 0.3 |
| 5/23/2013 | CQ | Conference with SRL and AS regarding memorandum on fees | 0.3 |
| 6/6/2013 | SL | Conference with CKQ and AS regarding Motion regarding attorney fees. | 1.3 |
| 6/6/2013 | CQ | Conference with SRL and AS regarding Motion regarding attorney fees. | 1.3 |
| 6/8/2013 | CQ | Receipt and read Sir [sic] Reply on Fees | 0.5 |
| 6/11/2013 | AS | Preparation for oral arguments | 0.6 |
| 6/12/2013 | AS | Preparation for oral arguments | 0.4 |
| 6/12/2013 | SL | Prepare for hearing regarding motion for fees | 2.3 |
| 6/13/2013 | AS | Preparation for oral arguments | 0.1 |
| 6/13/2013 | CQ | Prepare for and attend Oral Arguments on Interim Fees. | 0.8 |
| 6/13/2013 | SL | Prepare for and attend hearing on motion for fees | 1.0 |
| 6/13/2013 | SL | Conference with client, staff and CKQ regarding same. | 0.5 |
| 6/13/2013 | CQ | Conference with client, staff and SRL regarding hearing on motion for interim fees. | 0.5 |
| 6/26/2013 | CQ | Receipt and review Order on Interim Fees. | 0.8 |
| 6/26/2013 | CQ | Meeting with client, SRL and AS to discuss Order re: Interim Attorney Fees | 0.2 |
| 6/26/2013 | SL | Meeting with client, CKQ and AS to discuss Order re: Interim Attorney Fees | 0.2 |
| 6/26/2013 | SL | Receive, review and analyze Court's Order regarding fees. | 1.0 |
| 8/2/2013 | CQ | Receipt and read filings by MSD. | 0.5 |
| 8/6/2013 | AS | Gather pleadings and requested documentation for CKQ re: Reply Memo in Support of Motion for Interim Attorney Fees. | 0.6 |

| | | | |
|---|---|---|---|
| 8/7/2013 | SL | Analyze Plaintiff's brief regarding fees and prepare response. | 1.5 |
| 8/7/2013 | SL | Litigation team meeting re: strategy. | 1.4 |
| 8/7/2013 | CQ | Litigation team meeting re: strategy. | 1.4 |
| 8/12/2013 | AS | Factual research for Reply in Support of Motion for Interim Attorney Fees: Details re: IDEA hearing and analyze billing. | 2.2 |
| 8/14/2013 | AS | Factual research re: billing and history of filings in administrative hearing for Reply Memo in Support of Motion for Interim Attorney Fees. | 3.5 |
| 8/15/2013 | SL | Prepare Reply Memorandum regarding Motion for Interim Attorney Fees. | 2.8 |
| 8/15/2013 | AS | Factual research for Reply Memo in Support of Motion for Interim Attorney Fees. | 0.3 |
| 8/15/2013 | AS | Draft Affidavit of CKQ in Support of Motion for Interim Attorney Fees. | 1.1 |
| 8/16/2013 | SL | Revise and finalize Reply Memorandum regarding Motion for Interim Attorney Fees. | 0.6 |
| 8/16/2013 | AS | Review, edit and factual research re: Reply Memo in Support of Motion for Attorney Fees. | 1.7 |
| 10/17/2013 | SL | Receive, review and analyze court's order granting interim fees | 0.3 |
| 10/17/2013 | SL | Research regarding timing of fee request for district court case. | 0.1 |
| **Motion to Compel Compliance** | | | |
| 7/19/2011 | BB | Analyze and Review case law from 9th Circuit and other states re: Motion to Compel | 1.4 |
| 7/19/2011 | BB | Continued research and analysis of case law in preparation for and drafting Motion to Compel | 0.6 |
| 7/19/2011 | CQ | Research District Court Local Rules re: Motion to Compel Compliance with HO Order and Supporting Memorandum of Law | 0.2 |
| 7/19/2011 | CQ | Research and consult and confer with co-counsel on Motion to Compel Compliance with HO Order and Answer to Complaint | 2.5 |
| 7/19/2011 | CR | Review and edit Motion to Compel; correct fact section and edit history. | 0.8 |
| 7/21/2011 | BB | Review and compare CKQ Post-Hearing Brief and opposing counsel's complaint for applicable points and authorities regarding completion of Motion to Compel Compliance with Hearing Officer's Order, and Memorandum in Support of | 6.5 |

| | | | |
|---|---|---|---|
| | | Motion. Final research related to Rule 62 (part of Memo) and deference for hearing officer's ruling. | |
| 7/21/2011 | BB | Preparation of Proposed Orders Granting Motion to Compel and Motion to Seal Case. | 0.9 |
| 8/25/2011 | CQ | Review Motion to Comply with H.O.'s Order and Motion to Seal. Review Petitioner's objections made during IDEA hearing and create outline of notes. | 1.5 |
| 8/28/2011 | BB | Teleconference and emails with litigation team re: strategy related to Student's IDEA appeal matter, in preparation for our reply(s) to opposing counsel's Responses to Motion to Seal and Motion to Compel | 0.4 |
| 8/28/2011 | BB | Begin review and analysis of opposing counsel's Response to Defendants' Motion to Compel; research and analysis of arguments and case citations and applicability to case at hand and 9th Circuit in general, and preparation of reply addressing same. | 1.7 |
| 8/28/2011 | BB | Review opposing counsel Response for inconsistencies; begin fact development and preparation of preliminary statement for Reply to opposing counsel's Response to Motion to Compel | 1.3 |
| 8/28/2011 | BB | Review and analysis of opposing counsel's citation to and interpretation of IDAPA rules, and preparation of Reply to opposing counsel's Response to Motion to Compel | 0.6 |
| 8/28/2011 | BB | Review and analysis of opposing counsel's undue burden argument if Plaintiff is required to comply with IDEA and hearing officer's decision, and preparation of Reply to opposing counsel's Response to Motion to Compel | 0.6 |
| 8/28/2011 | BB | Review and analysis of opposing counsel's Fed. R. Civ. P. Rule 62 argument and our of circuit citations (shepardized), and research of parallel and applicable IRCP Rule 84 in preparation of Reply to opposing counsel's Response to Motion to Compel | 1.3 |
| 8/28/2011 | CQ | Draft reply to Objection to Motion to Compel. Confer with attorney RLB regarding the same | 1.8 |
| 8/29/2011 | BB | Continued and final review and analyze of | 0.8 |

| | | | |
|---|---|---|---|
| | | opposing counsel's Response to Defendant's Motion to Compel; research and analysis of arguments and case citations; fact development and applicability to case at hand in general in preparation of Reply | |
| 8/29/2011 | CR | Review and edit Motion to Compel | 0.7 |